# Exhibit B

Documents Filed in State Court Action

Electronically Filed - Greene - December 30, 2019 - 04:47 PM

## IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

| | | |
|---|---|---|
| LORI LOVEDAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 1931-CC01340 |
| | ) | |
| WCA MANAGEMENT COMPANY, LP | ) | |
| *Serve officer in charge at:* | ) | |
| Officer in Charge, Randy Thompson | ) | |
| 33924 Olathe Dr, | ) | |
| Lebanon, MO 65536 | ) | |
| | ) | |
| Defendant. | ) | |

### PETITION FOR DAMAGES

**COMES NOW** Plaintiff, Lori Loveday, by and through her attorneys of record, Hall Ansley, P.C. and for her cause of action against WCA Management Company, LP, states, alleges and avers to the Court as follows:

### PLAINTIFF

1.     Plaintiff Lori Loveday (hereinafter "Plaintiff") is a resident of Greene County, Missouri.

2.     Plaintiff is a female.

### DEFENDANT

3.     Defendant WCA Management Company, LP (hereinafter "WCA") is a Delaware limited partnership organized and existing under the laws of the state of Delaware.  Defendant WCA is engaged in business in the state of Missouri.  WCA is not registered to do business in the state of Missouri.  WCA may be served by serving its officer in charge at the address listed in the caption.

1

## VENUE AND JURISDICTION

4.      The events described herein occurred in Springfield, Greene County, Missouri. Accordingly, Plaintiff's damages were first sustained in Greene County, Missouri.

5.      Plaintiff seeks damages in excess of $25,000.00.

6.      Plaintiff filed a timely Charge of Discrimination with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission on November 5, 2018.

7.      The Missouri Commission on Human Rights issued a Right to Sue Letter permitting Plaintiff to file a claim in circuit court.  True and correct copies of the Right to Sue Letter is attached hereto and labeled as Exhibit "A." The Right to Sue Letter is incorporated herein by reference.

8.      The Equal Employment Opportunity Commission issued the Plaintiff a Notice of Right to Sue.  This Notice is attached hereto as Exhibit B and incorporated herein by reference.

9.      It has been less than ninety (90) days since the Right to Sue Letters were first issued.

10.     Pursuant to Section 506.500 RSMo. and Section 508.010(6) RSMo., this Court has jurisdiction and venue in this cause.

## FACTS OF THE OCCURRENCE

11.     Plaintiff was hired by Defendant on or about March 27, 2017, as a sales representative.

12.     Plaintiff was subjected to sexually inappropriate remarks/behavior from the District Manager, Randy Thompson ("Thompson").  Thompson made comments such as "oh, I would buy whatever Lori is selling" after looking her up and down.  Thompson would ask Plaintiff if she was in a relationship and when she would reply "no," he would comment, "[s]o,

2

Electronically Filed - Greene - December 30, 2019 - 04:47 PM

you are not having sex?"  Plaintiff would respond by telling Thompson that she had just gotten out of an abusive relationship and that she was focusing on her family and job.

13.     On or about May 22, 2017, Thompson invited Plaintiff to a lunch meeting. During the meeting he told Plaintiff that they should be going to lunch together every month. That night – about 10 pm – Thompson texted Plaintiff to ask if she was still awake.  The next morning Thompson texted apologizing for the late-night text as a "moment of weakness."

14.     In or around August of 2017, Plaintiff was working on an account with a martial arts studio.  When Plaintiff presented a business opportunity with the group to Thompson, he asked "Why would they do that?  They just want to get in your pants."  Plaintiff and Thompson discussed the opportunity and Thompson asked Plaintiff how old the men in the studio were. When Plaintiff described them as younger, he again told Plaintiff that the men just wanted to "get in her pants."   Around this same time, Thompson started becoming more and more demeaning, mean and refused to help Plaintiff obtain leads.  When Plaintiff went to him to discuss containers that were a certain size, (and when she wasn't sure if the company should keep selling them), he said "[t]hat is not your concern.  If I have to fucking shit an 8-yard container, then I will.  Now leave."

15.     In or around October 2017, Thompson and Plaintiff were supposed to attend a sales meeting in Kansas City.  When Plaintiff discussed the fact that she would not be able to pay for a room for the conference, Thompson told Plaintiff that they should share a room together. Plaintiff told Thompson that she was not comfortable with sharing a room.

16.     Around Christmas of 2017, Thompson danced at our Christmas party in front of Plaintiff to the song, "I'm too sexy", while he lifted up his shirt up, twisted his nipples, and looked right at Plaintiff.  When Plaintiff ignored Thompson's behavior, his attitude toward Plaintiff would only get worse.

17.     Around March of 2018, Paul Spitz ("Spitz"), a sales rep for construction, was promoted to Sales Manager.

18.     Beginning of June of 2018, Paul and Chris Fahnestock ("Fahnestock"), our Regional Manager, called Plaintiff and said the company was giving her a $12,000 salary increase.

19.     About two weeks later Plaintiff was written up for allegedly not making quota. Spitz became mean and belligerent toward Plaintiff.   In the office, with office manager, Denise Buckner present, he called Plaintiff a liar and humiliated her.  He required Plaintiff to sign a Performance Improvement Plan – less than one month after her raise.

20.     On July 9th an e-mail was sent asking someone to pick up a key from a customer. Plaintiff agreed to perform the pick-up.  On the way to the office Plaintiff's chest became tight, she had chest pain, and started feeling sick.  Plaintiff went to the ER and stayed the night in order to have a stress test the next day.  The next morning, Plaintiff saw Spitz outside her room in the hallway of the hospital.  He went into Plaintiff's room and asked why she was so stressed out. When Plaintiff complained about the way Spitz was treating her, he said, "all of you women are so sensitive."  He stayed in Plaintiff's room even when the doctor came in.

21.     Later, while Plaintiff was still in the hospital, Fahnestock called Plaintiff with HR representative, Kelly Patterson ("Patterson"), on the phone.  Patterson said my co-workers had told the company that Plaintiff was stressed out.  Patterson said that Plaintiff was taking Effexor for anxiety and depression, but then could not remember who told her that information when Plaintiff inquired.  Patterson told Plaintiff that she had heard that Plaintiff told someone she would kill myself if Plaintiff lost her job.  Plaintiff tried to explain that comment was being taken out of context.  Patterson told Plaintiff that I would have to take a mandatory leave of absence. Patterson also told Plaintiff that she would need to see a therapist, that the company pays for

4

five visits with the therapist, and that the therapist would need to give Plaintiff a return to work letter before Plaintiff could return to work.

22.     Plaintiff called the number that she was given for therapy.  However, Plaintiff was told the company did not cover visits to obtain a return to work letter.  Plaintiff called Patterson who said she would investigate the matter.  Patterson called Plaintiff later and said the company did not cover the visit, so Plaintiff would not need the note to go back to work.

23.     About a week before Plaintiff was supposed to return, HR called and informed Plaintiff that she needed to apply for FMLA in order to return to work (even thought I was previously told that would not be necessary).

24.     On or about August 6, 2018, Spitz made Plaintiff re-sign the PIP, putting her on another 30 days of probation.  During this time, Plaintiff goals were set extremely high in an effort to set Plaintiff up to fail.  On information and belief, calls and business were diverted from Plaintiff, she was not given support, she was written up and/or reprimanded for issues for which other sales reps were not disciplined.

25.     On or about September 17, 2018, with two new contracts to close on, Spitz texted Plaintiff and said that Fahnestock was going to be in town and that management would like to meet.  Plaintiff got on her computer the next morning to send contracts and she could not log in. (The previous week Plaintiff also had her direct deposit from the company cancelled.). Fahnestock called Plaintiff and said he had Spitz and HR on the phone. Fahnestock then informed Plaintiff that she was terminated immediately.

**COUNT I - VIOLATIONS OF MISSOURI HUMAN RIGHTS ACT (§ 213.055) (Gender)**

**COMES NOW** Plaintiff, Lori Loveday, by and through her attorneys of record, Hall Ansley, P.C., and for Count I of her cause of action against Defendant states, alleges and avers to the Court as follows:

5

26.     Plaintiff restates, realleges, and incorporates herein all preceding paragraphs of this Petition as though they were fully restated *in haec verba*.

27.     As a female Plaintiff is a protected individual pursuant to the Missouri Human Rights Act.

28.     Plaintiff was subjected to a discriminatory and harassing work environment due to her gender.

29.     A causal nexus exists between the behavior Plaintiff encountered and Plaintiff's membership in the protected group.

30.     The acts mentioned above were in violation of RSMo. § 213.055.

31.     As a direct and proximate result of the violations described herein, Plaintiff has suffered the following:

    (a)     Lost income, including but not limited to back pay, front pay and lost benefits;

    (b)     Lost career opportunities, including but not limited to opportunities for advancement, status, pay and benefits; and

    (c)     Mental and emotional anguish defined as "garden variety" by Missouri law.

32.     Pursuant to the MHRA, RSMo. § 213.111, Plaintiff is entitled to and hereby requests an award of attorney's fees, prejudgment and post judgment interest at the highest lawful rate on any award or verdict provided.

33.     The actions of Defendant were willful, wanton, and in complete indifference to Plaintiff's rights.  These actions are sufficient to justify the award of punitive damages to deter said Defendant, and others similarly situated, from like conduct in the future.

6

**WHEREFORE**, Plaintiff prays for an award of damages against Defendant in an amount determined to be fair and reasonable; for an award of attorney's fees; for an award of post-judgment interest at the highest lawful rate on any judgment rendered; for punitive damages sufficient to deter this Defendant, and those similarly situated, from like actions in the future; and for such other and further relief as the Court deems just and proper under the circumstances.

**COUNT II – RETALIATION/VIOLATIONS OF § 213.070, RSMO.**

**COMES NOW** Plaintiff, Lori Loveday, by and through her attorneys of record, Hall Ansley, P.C., and for Count II of her cause of action against Defendant, states, alleges and avers to the Court as follows:

34.     Plaintiff restates, realleges and reavers herein all preceding paragraph of this Petition as though they were fully stated herein in haec verba.

35.     Plaintiff was terminated and retaliated against because of her protected reports and her opposition to discrimination and harassment as described above.

36.     The acts of Defendant in terminating Plaintiff's employment violate § 213.070.

37.     As a direct and proximate result of the retaliation, Plaintiff has suffered the following:

(a)     Lost income, including but not limited to back pay, front pay and lost benefits;

(b)     Lost career opportunities, including but not limited to opportunities for advancement, status, pay and benefits; and

(c)     Mental and emotional anguish defined as "garden variety" by Missouri law.

7

38.     Pursuant to the MHRA, RSMo. § 213.111, Plaintiff is entitled to and hereby requests an award of attorney's fees and post judgment interest at the highest lawful rate on any award or verdict provided.

39.     The actions of Defendant were willful, wanton, and in complete indifference to Plaintiff's rights.  These actions are sufficient to justify the award of punitive damages to deter said Defendant, and others similarly situated, from like conduct in the future.

WHEREFORE, Plaintiff prays for an award of damages against Defendant in an amount determined to be fair and reasonable; for an award of attorney's fees; for post-judgment interest at the highest lawful rate on any judgment rendered; for punitive damages sufficient to deter said Defendant, and others similarly situated, from like actions in the future; and for such other and further relief as the Court deems just and proper.

**COUNT III - VIOLATIONS OF MISSOURI HUMAN RIGHTS ACT (§ 213.055)**
**(Disability/Perception of Disability)**

**COMES NOW** Plaintiff, Lori Loveday, by and through her attorneys of record, Hall Ansley, P.C., and for Count I of her cause of action against Defendant states, alleges and avers to the Court as follows:

40.     Plaintiff restates, realleges, and incorporates herein all preceding paragraphs of this Petition as though they were fully restated *in haec verba*.

41.     As someone perceived as having a disability is a protected individual pursuant to the Missouri Human Rights Act.

42.     Plaintiff was subjected to a discriminatory and harassing work environment due to the perception of disability held by Defendant.

43.     A causal nexus exists between the behavior Plaintiff encountered and Plaintiff's membership in the protected group.

44.     The acts mentioned above were in violation of RSMo. § 213.055.

45.     As a direct and proximate result of the violations described herein, Plaintiff has suffered the following:

(a)     Lost income, including but not limited to back pay, front pay and lost benefits;

(b)     Lost career opportunities, including but not limited to opportunities for advancement, status, pay and benefits; and

(c)     Mental and emotional anguish defined as "garden variety" by Missouri law.

46.     Pursuant to the MHRA, RSMo. § 213.111, Plaintiff is entitled to and hereby requests an award of attorney's fees, prejudgment and post judgment interest at the highest lawful rate on any award or verdict provided.

47.     The actions of Defendant were willful, wanton, and in complete indifference to Plaintiff's rights.  These actions are sufficient to justify the award of punitive damages to deter said Defendant, and others similarly situated, from like conduct in the future.

**WHEREFORE**, Plaintiff prays for an award of damages against Defendant in an amount determined to be fair and reasonable; for an award of attorney's fees; for an award of post-judgment interest at the highest lawful rate on any judgment rendered; for punitive damages sufficient to deter this Defendant, and those similarly situated, from like actions in the future; and for such other and further relief as the Court deems just and proper under the circumstances.

**COUNT IV – DISCRIMINATION AND HOSTILE WORK ENVIRONMENT IN VIOLATION
OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

**COMES NOW** Plaintiff, Lori Loveday, by and through her attorneys of record, Hall Ansley, P.C., and for Count IV of her Petition against defendant states, alleges and avers to the Court as follows:

48.     Plaintiff restates, realleges, and reavers all preceding paragraphs of this Petition as though fully set-forth herein *in haec verba*.

49.     Plaintiff, as a female, is a member of a protected group pursuant to Title VII.

50.     Plaintiff has been subjected to a work environment that was hostile and discriminatory based on Plaintiff's gender.

51.     Plaintiff is a member of a protected group and was subjected to an unwelcome and hostile work environment due to her sex; a causal nexus exists between the working environment/discrimination and the Plaintiff's membership in the protected group; the harassment affected a term, condition, or privilege of Plaintiff's employment with defendants; defendants knew or should of known of the harassment and failed to take prompt and affective remedial action; plaintiff was subsequently constructively discharged on account of her sex and exercising her rights under state and federal law.

52.     As a direct and proximate result of the harassment/discrimination and hostile working environment, as described herein, plaintiff has suffered the following:

(a)     Lost income, including but not limited to back pay, front pay and lost benefits;

(b)     Lost career opportunities, including but not limited to opportunities for advancement, status, pay and benefits; and

(c)     Mental and emotional anguish.

10

53.     Pursuant to 42 U.S.C. § 2000e-5(k), plaintiff is entitled to and hereby requests an award of attorney's fees, prejudgment and post judgment interest at the highest lawful rate on any award or verdict provided.

54.     The actions of Defendant were willful, wanton, and in complete indifference to Plaintiff's rights.  These actions are sufficient to justify the award of punitive damages to deter Defendant, and other similarly situated defendants, from like conduct in the future.

WHEREFORE, Plaintiff prays for an award of damages against Defendant in an amount determined to be fair and reasonable; for an award of attorney's fees; for an award of post-judgment interest at the highest lawful rate on any judgment rendered; for punitive damages sufficient to deter Defendant, and similarly situated defendants, from like actions in the future; and for such other and further relief as the Court deems just and proper.

## COUNT V – RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

**COMES NOW** Plaintiff, Lori Loveday, by and through her attorneys of record, Hall Ansley, P.C., and for Count V of her Petition against Defendants states, alleges and avers to the Court as follows:

55.     Plaintiff restates, realleges, and reavers all preceding paragraphs of this Petition as though fully set-forth herein *in haec verba*.

56.     Plaintiff reported, complained of, resisted and objected to the hostile and discriminatory work environment to her supervisors.

57.     As a direct and proximate result of Plaintiff's reports, complaints, and/or objections to said behavior, plaintiff was retaliated against and ultimately terminated.

58.     As a direct and proximate result of the retaliatory actions of Defendant, as described herein, Plaintiff has suffered the following:

11

(a)     Lost income, including but not limited to back pay, front pay and lost benefits;

(b)     Lost career opportunities, including but not limited to opportunities for advancement, status, pay and benefits; and

(c)     Mental and emotional anguish.

59.     Pursuant to 42 U.S.C. § 2000e-5(k), plaintiff is entitled to and hereby requests an award of attorney's fees, post judgment interest at the highest lawful rate on any award or verdict provided.

60.     The actions of Defendant were willful, wanton, and in complete indifference to Plaintiff's rights.  These actions are sufficient to justify the award of punitive damages to deter Defendant, and other similarly situated defendants, from like conduct in the future.

WHEREFORE, Plaintiff prays for an award of damages against Defendant in an amount determined to be fair and reasonable; for an award of attorney's fees; for an award post-judgment interest at the highest lawful rate on any judgment rendered; for punitive damages sufficient to deter Defendant, and similarly situated defendants, from like actions in the future; and for such other and further relief as the Court deems just and proper.

**COUNT VI – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT – AS AMENDED**

**COMES NOW** Plaintiff, Lori Loveday, by and through her attorneys of record, Hall Ansley, P.C., and for Count VI of her Petition against Defendants states, alleges and avers to the Court as follows:

61.     Plaintiff restates, realleges, and reavers all preceding paragraphs of this Petition as though fully set-forth herein *in haec verba*.

62.     The foregoing actions by Defendant violate the Americans with Disabilities Act, as amended, in that Defendant discriminated against Plaintiff on the basis of Defendant's

12

perception that Plaintiff's condition interfered with her ability to work. Plaintiff was ultimately terminated from her job because of the perception that her condition constituted a disability.

63.     As a direct and proximate result of Defendant's violation of the Americans with Disabilities Act, as amended, Plaintiff has lost wages and benefits. Plaintiff also endured mental and emotional distress on account of her termination and the violations of the Americans with Disabilities Act.

64.     Plaintiff is entitled to her attorney fees and costs for bringing this action.

65.     Plaintiff is entitled to punitive damages sufficient to deter Defendant from similar actions in the future.

66.     Plaintiff is entitled to injunctive relief and reinstatement to her former position.

WHEREFORE, Plaintiff prays for an award of damages against Defendant in an amount determined to be fair and reasonable; for an award of attorney's fees; for an award post-judgment interest at the highest lawful rate on any judgment rendered; for injunctive relief; for punitive damages sufficient to deter Defendant, and similarly situated defendants, from like actions in the future; and for such other and further relief as the Court deems just and proper.

HALL ANSLEY,
A Professional Corporation

By: /s/ *Benjamin A. Stringer*
          BENJAMIN A. STRINGER
          Missouri Bar Number 50415
          TIMOTHY A. RICKER
          Missouri Bar Number 62050

3275 East Ridgeview
Springfield, MO 65804
Telephone:     417/890-8700
Facsimile:      417/890-8855
Email: bstringer@hallansley.com
Email: tricker@hallansley.com

*Attorneys for Plaintiff*

13



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS

# MISSOURI COMMISSION ON HUMAN RIGHTS

Electronically Filed - Greene - December 30, 2019 - 04:47 PM

| MICHAEL L. PARSON | ANNA S. HUI | MARTHA STAGGS | ALISA WARREN, PH.D. |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIRPERSON | EXECUTIVE DIRECTOR |

Lori Loveday
4031 W. Ridgeview
Battlefield, MO 65619

<span style="color:blue">Exhibit A</span>

**NOTICE OF RIGHT TO SUE**

RE:     Lori Loveday vs. WCA/WASTE CORPORATION OF AMERICA
        E-11/18-50217  28E-2019-00207C

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your compliant in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it.  This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

October 2, 2019
Date

C:     additional contacts listed on next page

☒          ☐          ☐          ☐          ☐

| 3315 W. TRUMAN BLVD. | 111 N. 7TH STREET, SUITE 903 | P.O. BOX 1300 | 1410 GENESSEE, SUITE 260 | 106 ARTHUR STREET |
|---|---|---|---|---|
| P.O. BOX 1129 | ST. LOUIS, MO 63101-2100 | OZARK, MO 65721-1300 | KANSAS CITY, MO 64102 | SUITE D |
| JEFFERSON CITY, MO 65102-1129 | PHONE: 314-340-7590 | | FAX: 816-889-3582 | SIKESTON, MO 63801-5454 |
| PHONE: 573-751-3325 | FAX: 314-340-7238 | | | FAX: 573-472-5321 |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY: 1-800-735-2966 (TDD)    Relay Missouri 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov

RE:   Lori Loveday vs. WCA/WASTE CORPORATION OF AMERICA
E-11/18-50217  28E-2019-00207C


WCA/WASTE CORPORATION OF AMERICA
2120 West Bennett Street
Springfield, MO 65807

Angie Demshar, Paralegal
Hall Ansley, PC
3275 East Ridgeview
Springfield, MO 65804



# IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MICHAEL J CORDONNIER | **Case Number: 1931-CC01605** |
| Plaintiff/Petitioner:<br>LORI LOVEDAY | Plaintiff's/Petitioner's Attorney/Address<br>BENJAMIN A STRINGER<br>PO BOX 4609<br>3275 EAST RIDGEVIEW<br>SPRINGFIELD, MO 65808 |
| vs. | |
| Defendant/Respondent:<br> WCA MANAGEMENT COMPANY LP | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| The State of Missouri to: | WCA MANAGEMENT COMPANY LP<br>Alias: |

SERVE: RANDY THOMPSON
33924 OLATHE DR
LEBANON, MO 65536

***COURT SEAL OF***



***GREENE COUNTY***

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

| 12/31/2019 | /S/ THOMAS R. BARR BY CR |
|---|---|
| Date | Clerk |

Further Information:

## Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
Date          Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only: Document Id # 19-SMCC-3024*     1 of 1     Civil Procedure Form No. 1; Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:20-cv-03050-MDH   Document 1-2   Filed 02/18/20   Page 17 of 17